*Civil No. 03-00068 JMS-LEK*

## JOINT TORTFEASOR RELEASE AND INDEMNIFICATION AGREEMENT

KNOW ALL MEN BY THESE PRESENT:

The undersigned parties to this document agree as follows:

1. This document is a Joint Tortfeasor Release and Indemnification Agreement (hereinafter "Release").

2. The date of this Release is _____.

3. <u>Named Party, Releasor</u>. The person or persons or entity or entities named hereinbelow shall be hereinafter referred to as "Releasor":

   Name:

   > NANI CEASER
   > c/o Peter C.K. Fong, Esq.
   > 733 Bishop Street
   > Suite 1550, Makai Tower
   > Honolulu, Hawaii 96813

4. <u>Named Party, Releasees</u>. The person or persons or entity or entities named hereinbelow shall be hereinafter referred to as "Releasees":

   | | |
   |---|---|
   | Name: | PALAMA MEAT COMPANY, INC. |
   | Address: | c/o Chee & Markham |
   | | 1000 Pacific Tower |
   | | 1001 Bishop Street |
   | | Honolulu, Hawaii 96813 |

   | | |
   |---|---|
   | Name: | H & W FOODS ACQUISITION CORPORATION |
   | Address: | c/o Chee & Markham |
   | | 1000 Pacific Tower |
   | | 1001 Bishop Street |
   | | Honolulu, Hawaii 96813 |

   | | |
   |---|---|
   | Name: | JOHN GABRIEL |
   | Address: | c/o Chee & Markham |
   | | 1000 Pacific Tower |
   | | 1001 Bishop Street |
   | | Honolulu, Hawaii 96813 |

      Name:    SOMPO JAPAN INSURANCE COMPANY OF AMERICA
      Address:  777 South Figueroa Street, Suite 4800
                       Los Angeles, California 90017

5.    <u>Consideration</u>. Releasor and Releasees agree that the foregoing consideration represents GENERAL DAMAGES ONLY and is neither intended to compensate Releasor for any item of special damages nor does it duplicate payment for no-fault/personal injury protection benefits received. Releasees have paid to Releasor the sum of **FORTY THOUSAND AND NO/100 DOLLARS ($40,000.00)**, in lawful money, the receipt and sufficiency of which is acknowledged by Releasor.

That of the FORTY THOUSAND AND NO/100 DOLLARS ($40,000.00): (1) TWENTY THOUSAND AND NO/100 DOLLARS ($20,000.00) will be paid to FONG & FONG, ATTORNEYS-AT-LAW, inclusive of all claims by NANI CEASER for Attorney's Fees and Costs, and (2) TWENTY THOSUAND AND NO/100 DOLLARS ($20,000.00) will be paid to the Employer SNELLING PERSONNEL SERVICE and ACE/ESIS in full repayment of its Worker's Compensation Lien, pursuant to Section 386-8 of the <u>Hawaii Revised Statutes</u>.

That no portion of the FORTY THOUSAND AND NO/100 DOLLARS ($40,000.00) Settlement Amount shall be received by the Employee NANI CEASER. Further, that there shall be <u>no</u> <u>Credit</u> against Worker's Compensation Benefits/payments payable to and/or on behalf of the Employee NANI CEASER, pursuant to Section 386-8 of the <u>Hawaii Revised Statutes</u>.

6.    <u>Definition of Terms</u>.

(a) <u>Releasor and Releasees</u>.  Unless otherwise expressly stated in this Release, the terms "Releasor" and "Releasees" SHALL MEAN AND BE DEEMED TO INCLUDE all of the following:  the named parties, their respective heirs, executors, administrators, personal representatives, corporate representatives, employees, employers, successors, successors in trust, successor trustees, trustees, trustees in bankruptcy, receivers, guardians, legal representatives and assigns, their respective general partners or joint venturers, and all persons, entities, or parties claiming by, through, or under the named parties.  The term "Releasees" SHALL ALSO MEAN AND BE DEEMED TO INCLUDE:  Releasees' respective stockholders, officers, directors, agents, attorneys, representatives, employers and employees.

If there is more than one named person or party as Releasor or Releasee, then the terms "Releasor" and "Releasees" in this Release SHALL MEAN AND BE DEEMED TO INCLUDE the named parties individually, singularly, collectively, severally, jointly, and jointly and severally.

(b) <u>Number</u>.  In this Release, the singular shall include the plural and the plural shall include the singular, as the case may be.

(c) <u>Gender</u>.  In this Release, the use of any one gender shall include all genders.

(d) <u>Captions or Headings</u>.  In this Release, the captions or headings or paragraphs or sub-paragraphs are inserted for convenience, reference and identification purposes only, and shall neither control, define, limit nor affect the provisions of this Release.

7. <u>Release</u>.

For and in consideration of the sum above stated, Releasor hereby releases, remises and forever discharges Releasees from and on account of any and all claims actions, causes of action, claims for relief, liability, liabilities, costs, expenses, compensation, fees, demands, injuries, losses, loss of services, loss of profits, exemplary damages, punitive damages, and damages of whatever name or nature, whether at law or in equity, from the beginning of the world to the date of this Release, including, but not limited to those which in any manner arise, have arisen, grow out of, are connected with, or in any manner involve, concern or relate to any of the following:

(a) That certain civil action instituted by Releasor in the United States District Court for the District of Hawaii, Civil No. CV03-00068 (LEK) hereinafter referred to as the "subject lawsuit".

(b) That certain accident which occurred on or about March 20, 2003, at Palama Meat Company, Inc. and which is described in the Complaint filed in the subject lawsuit (hereinafter referred to as the "subject accident").

(c) Each and every claim, action, cause of action and/or claim for relief of Releasor for general damages against Releasees arising, arisen, growing out of, connected with or in any manner concerning the accident.

(d) Any and all allegations, causes of action, claims for relief, and claims contained, alleged or which could have been contained or alleged in the subject lawsuit for special damages or which relate to or in any manner involve any act, omission, duty, obligation, agreement, representation or any thing whatsoever with regard to the allegations, claims, causes of action, and claims for relief of Releasor in

the subject lawsuit and the matters covered by this Release, including but not limited to paragraphs 7(a) through 7(c) above.

Releasor hereby warrants and represents that he is the owner of all claims, demands and causes of action against Releasees herein released and that he has not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, or by operation of law, any claims, demands or causes of action herein released, or any portion thereof and he hereby agrees to indemnify and hold harmless Releasees against any and all liability, judgment and future costs and expenses (including interest, court costs and attorney's fees) resulting from any and all claims, demands or causes of action of every nature and kind whatsoever, based upon, connected with, or arising out of the breach of any of the above warranties or representations.

8. <u>Indemnity</u>. Releasor hereby stipulates or agrees, for the foregoing consideration, to indemnify, forever hold harmless, and defend Releasees against loss or liability from any and all claims, liens, judgments, costs, expenses, attorneys' fees, demands or actions, indemnity and reimbursement (contractual or otherwise), whether such claims or actions have merit or not, that may have or may be hereafter at any time made or brought against Releasees by said Releasor or by anyone acting on his behalf, or holding by or through him, or any other party against the parties herein released for damages on account of the loss or damages sustained or which may be sustained in consequence of the matters covered by this Release.

Releasor specifically understands and agrees that the aforementioned indemnification includes the defense, payment and satisfaction of claims by all persons

who have claimed by or through the Releasor, or in the future may claim by or through the Releasor that he has money due and owing to him from the above-described settlement, or as a result of the aforesaid lawsuit.

9. Understanding and Agreements.

For and in consideration of the sum above stated, Releasor acknowledges, agrees and understands that:

(a) Denial of Liability. Releasees deny liability, negligence, breach of duty, breach of any agreement, misconduct, violation of statute, and/or wrongdoing of any kind, character or nature whatsoever, and the consideration paid by Releasees is solely in compromise of a disputed claim.

(b) No Representations. Neither Releasees nor anyone on Releasees' behalf have made a representation of fact, opinion or promise to the Releasor to induce this compromise; the Releasor is not relying upon any statements, representations, opinions or promises made by any person or party released or their agents, employees, representatives, attorneys or physicians, concerning the nature, extent or duration of the injuries, losses, loss of profits, damages, exemplary damages, punitive damages, or the legal liability therefor, or concerning any other thing or matter; that the above-mentioned payment is all the money that shall be paid to Releasor and is received as a compromise settlement in full satisfaction of all aforesaid claims, demands, actions and causes of action, whatsoever, as set forth in paragraphs 7(a) through 7(d) above.

(c) Releasor's Knowledge. Inasmuch as all of the injuries, damages, or losses may not be fully known and hence may be more numerous or more

serious than is now understood or expected, Releasor agrees that this Release applies to all injuries, damages and losses resulting from matters covered in paragraphs 7(a) through 7(d) above, even though now unanticipated, unexpected and unknown, as well as to all injuries, damages and losses which have already developed and which are now known and anticipated. Releasor makes this compromise with full knowledge of the facts and possibilities of any lawsuit commenced or that could be commenced, is represented by counsel, and executes and delivers this Release being fully informed as to its terms, content and effect.

(d)  <u>Complete Bar</u>. Acceptance of the consideration above mentioned and execution of this Release is a complete and final bar to any and all claims, actions, causes of action, claims for relief, liability, liabilities, costs, expenses, fees, demands, injuries, losses, and damages of whatever name or nature against Releasees in any manner arising, growing out of, connected with or in any manner involving, concerning or relating to the matters covered by this Release; and this Release forever and finally compromise, settles and terminates any and all disputes, claims, claims for injury, loss, damages, costs, expenses and fees of whatsoever nature, known or unknown, in any manner arising , growing out of, connected with or in any manner involving, concerning or relating to the matters covered by this Release.

(e)  IT IS FURTHER UNDERSTOOD AND AGREED that Hawaii Revised Statutes Sections 663-11 through 663-17 are applicable to the terms and conditions of this Release. This Release shall, within the meaning of Hawaii Revised Statutes Section 663-12, discharge the common liability of RELEASEES to RELEASOR. Further, in the event that RELEASOR makes any claims as a result of this

incident against any other tortfeasor not mentioned herein, this Release shall, within the meaning of Hawaii Revised Statutes 663-14 and 663-15, as to any other tortfeasor(s) not mentioned herein, operate to reduce the extent of the pro-rata share of any liability of the RELEASEES, or by the amount of the consideration paid for this Release, whichever shall be greater, any damages, judgment, or award hereafter recovered or recoverable by the undersigned RELEASOR against such other tortfeasor(s) by reason of the injuries or accident above mentioned.

DATED:    Honolulu, Hawaii, _____.


_____
NANI CEASER - - RELEASOR


APPROVED AS TO FORM AND CONTENT:


_____
PETER C.K. FONG, Esq.
Attorney for NANI CEASER, RELEASOR

Fed. I.D. No. _____

STATE OF HAWAII                              )
                                             ) ss.
CITY & COUNTY OF HONOLULU    )

      On this _____ day of _____, 2006, before me personally appeared NANI CEASER, to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed.

                                           Name:_____
                                           Notary Public, State of Hawaii

                                           My commission expires: _____